Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000509
30-JUN-2017
08:08 AM

NO. CAAP-16-0000509

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
DEWITT LONG, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 06-1-1478)

SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Fujise and Reifurth, JJ.)

Defendant-Appellant Dewitt Long (Long) appeals from the June 8, 2016 Order of Resentencing Revocation of Probation (Order) entered by the Circuit Court of the First Circuit (Circuit Court).[1]  Through this Order, Long was resentenced for his conviction of Promoting a Dangerous Drug in the Third Degree (Promoting Third) in violation of Hawaii Revised Statutes (HRS) § 712-1243 (2014) to, inter alia, five years incarceration to run concurrently with any other sentence he was serving.

On appeal, Long contends the Circuit Court abused its discretion in revoking his probation because the revocation hearing did not occur until after his initial five-year term of probation had expired.

After a careful review of the record on appeal and the relevant legal authorities, and giving due consideration to the issue and the arguments raised by the parties we resolve Long's appeal as follows and affirm.

---

[1]    The Honorable Edward H. Kubo, Jr. presided.

"A trial court abuses its discretion when it 'clearly exceed[s] the bounds of reason or has disregarded rules or principles of law or practice to the substantial detriment of a party litigant.'" State v. Garcia, 135 Hawai'i 361, 368, 351 P.3d 588, 595 (2015) (quoting State v. Merino, 81 Hawai'i 198, 211, 915 P.2d 672, 685 (1996)).

HRS § 706-627(1) (2014) provides:

> (1) <u>Upon the filing of a motion to revoke a probation or a motion to enlarge the conditions imposed thereby, the period of probation shall be tolled</u> pending the hearing upon the motion and the decision of the court. The <u>period of tolling shall be computed from the filing date of the motion through and including the filing date of the written decision</u> of the court concerning the motion for purposes of computation of the remaining period of probation, if any. In the event the court fails to file a written decision upon the motion, the period shall be computed by reference to the date the court makes a decision upon the motion in open court. During the period of tolling of the probation, the defendant shall remain subject to all terms and conditions of the probation except as otherwise provided by this chapter.

(emphasis added). "[W]here the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning." State v. Kelekolio, 94 Hawai'i 354, 356, 14 P.3d 364, 366 (App. 2000) (citation omitted). Here, Long was sentenced to a five-year term of probation on July 16, 2008.[2] The State filed the initial motion to revoke probation on June 21, 2013, within the five-year term of probation.[3] The revocation hearing was held on June 8, 2016,[4] and the Circuit Court entered its Order on the same day.

Based on the clear mandate of HRS § 706-627(1), the Circuit Court was correct in treating the State's initial motion to revoke Long's probation as tolling the running of the

---

[2] Long's sentence was amended, on March 10, 2010, to waive the probation service fee due to inability to pay.

[3] The State alleged in the initial motion that Long had violated his probation by being found guilty on March 22, 2013, of felony sexual assault offenses committed by him on May 9, 2011. The State subsequently filed a revised motion to revoke probation which alleged that Long had been found guilty of additional felony sexual assault offenses and kidnapping.

[4] During the interval between the State's motion and the revocation hearing, Long was allowed to change his court appointed counsel four times.

2

probationary period.   Therefore, the Circuit Court did not abuse its discretion in revoking Long's probation sentence.

For the foregoing reasons, we affirm the June 8, 2016 Order of Resentencing Revocation of Probation entered by the Circuit Court of the First Circuit.

DATED:   Honolulu, Hawai'i, June 30, 2017.

On the briefs:

Shawn A. Luiz,
for Defendant-Appellant.

Jonathan K.D. Tungpalan,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

3